FILED
United States Court of Appeals
Tenth Circuit

April 7, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SUMMUM, a corporate sole and church,

      Plaintiff - Appellant/
      Cross - Appellee,

    v.

DUCHESNE CITY, a governmental
entity; CLINTON PARK, Mayor of
Duchesne City; YORDYS NELSON;
NANCY WAGER; PAUL TANNER;
DARWIN MCKEE; JEANNIE
MECHAM, city council members,

      Defendants -  Appellees/
      Cross-Appellants.

Nos. 05-4162, 05-4168,
05-4272, & 05-4282
(D. Ct. No. 2:03-CV-1049-DB)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA** and **EBEL**, Circuit Judges, and **KANE**,[*] District Judge.

---

Summum, a religious organization, filed suit under 42 U.S.C. § 1983 against

Duchesne City, its mayor, and its city council members (collectively, "the City") for

alleged violations of Summum's First Amendment free speech rights after the City denied

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[*]Honorable John L. Kane, Jr., Senior District Judge for the District of Colorado, sitting by designation.

Summum's request for a plot of land in a city park on which Summum intended to erect a monument of the Seven Aphorisms of Summum. *See Summum v. Duchesne City*, 482 F.3d 1263, 1266 (10th Cir. 2007). A monument of the Ten Commandments had previously been erected on land within the park. *Id.* The district court entered summary judgment in favor of the City with respect to Summum's request for prospective injunctive relief from alleged ongoing violations of its free speech rights, but the court entered summary judgment in favor of Summum with respect to Summum's request for declaratory relief and nominal damages for the City's past violations of its free speech rights. *Id.* at 1266, 1267. The district court awarded Summum attorneys' fees to Summum as a prevailing party under 42 U.S.C. § 1988. *Id.* at 1267.

On Summum's appeal and the City's cross-appeal, we applied principles of forum analysis applicable to private speech on government property. *See id.* at 1268. We ultimately concluded that the City had violated Summum's free speech rights in the past and affirmed the entry of summary judgment in favor of Summum on that issue. *Id.* at 1274. We found a genuine issue of material fact precluded the entry of summary judgment in favor of the City on Summum's claim for injunctive relief and reversed that order. *Id.* at 1275. On the issue of attorneys' fees, we noted that "[b]ecause we reverse the District Court's grant of summary judgment in favor of the City with respect to injunctive relief, we vacate its order awarding attorneys' fees. The District Court may recalculate attorneys' fees after it determines whether Summum is entitled to injunctive relief in light of the foregoing discussion." *Id.* at 1276.

While the City's petition for a writ of certiorari was pending, the Supreme Court decided *Pleasant Grove City v. Summum*, 129 S. Ct. 1125 (2009). In that case, the Supreme Court held that "as a general matter, forum analysis simply does not apply to the installation of permanent monuments on public property." 129 S. Ct. at 1138. Rather, a "[c]ity's decision to accept certain privately donated monuments while rejecting [others] is best viewed as a form of government speech. As a result, [that] decision is not subject to the Free Speech Clause." *Id.* After its decision in *Pleasant Grove*, the Supreme Court granted the City's petition for certiorari in this case, vacated the judgment, and remanded for further consideration in light of *Pleasant Grove*.

Because *Pleasant Grove* calls into question the rationale underlying the district court's grant of summary judgment to Summum and to the City, we remand to the district court with instructions to reconsider those decisions giving particular attention to whether the action of the City constitutes government speech not subject to the Free Speech Clause. The district court should then reconsider whether Summum is a prevailing party entitled to attorneys' fees under § 1988. The mandates stayed originally per our order dated September 5, 2007 are issued forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

- 3 -